1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney

2  HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  DANIEL PASTOR (CABN 297948)
   Assistant United States Attorney

5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-6778
7      FAX: (415) 436-7200
       daniel.pastor@usdoj.gov

8  Attorneys for United States of America

9                          UNITED STATES DISTRICT COURT

10                        NORTHERN DISTRICT OF CALIFORNIA

11                              SAN FRANCISCO DIVISION

12

13 | UNITED STATES OF AMERICA,        )  **CASE NO. CR20-0003 EMC**
                                      )
14 |     Plaintiff,                   )  **DETENTION ORDER**
                                      )
15 |   v.                             )
                                      )
16 | ALEXANDER GIMARAIS MAZARIEGOS-   )
   | MAZARIEGOS                      )
17 | a/k/a Alexander Mazariegos-Mazariegos )
   | a/k/a Alex Mazariegos-Mazariegos, )
18 |                                  )
   |     Defendant.                   )
19 |                                  )
                                      )

20

21       On January 7, 2020, defendant Alexander Gimarais Mazariegos-Mazariegos was charged by

22 indictment with Illegal Reentry Following Removal in violation of 8 U.S.C. § 1326(a).

23       This matter came before the Court on January 17, 2020, for a detention hearing. The defendant

24 was present and represented by Assistant Federal Defender Dejan Gantar. Assistant United States

25 Attorney Daniel Pastor appeared for the government. The government moved for detention, and the

26 defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

27       Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on

28 the record, the Court finds by a preponderance of the evidence that no condition or combination of

conditions will reasonably assure the appearance of the person as required. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the bases for its conclusion: (1) the defendant cut off his ankle monitor and absconded while subject to electronic monitoring by the Department of Homeland Security; and (2) the defendant now faces prison time and the likelihood of removal from the country after serving a potential sentence. This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: January 21, 2020

_____
HONORABLE SALLIE KIM
United States Magistrate Judge